

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

FILED

MAR 3 1 2021

_Matthew___

CLERK

| | |
|---|---|
| RICHARD KEITH ROEDDER, | 1:20-CV-01021-CBK |
| Petitioner | |
| | ORDER |
| vs. | |
| DARIN YOUNG, Warden, South Dakota State Penitentiary, and JASON R. RAVNSBORG, Attorney General of the Stater of South Dakota, | |
| Respondents. | |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions and sentences in South Dakota Circuit Court, Fifth Judicial Circuit, Brown County, case # 06F10-000145AO, (hereinafter, CR 10-145). Upon initial review, I found that it was not clear whether petitioner has exhausted his state court habeas remedies or timely filed his federal petition for a writ of habeas corpus. Respondents filed an answer and a motion to dismiss on the basis that the petition was filed untimely.

## BACKGROUND

The state court records have been electronically received and I take judicial notice thereof. Richard Roedder was charged in February 2010, by criminal complaint in CR 10-145, with unauthorized possession of methamphetamine, ingesting methamphetamine, and possession of drug paraphernalia, all occurring on February 13, 2010. The complaint arose out of the South Dakota Drug Task Force's service of a search warrant at a motel in Aberdeen, South Dakota. The affidavit in support of the search warrant alleged that a confidential informant stated that Roedder and another person had brought methamphetamine from Arizona to Aberdeen and were staying at the motel. Attorney

Christy Serr was appointed to represent Roedder. Another contracted defender, Chris Dohrer also performed services on Roedder's behalf as co-counsel.

An information was filed in March 2010, containing the same charges. A Part II information was filed alleging Roedder was an habitual offender due to prior felony convictions in Yuma County, Arizona, for use of a dangerous drug, burglary, misconduct involving weapons, sale of a dangerous drug, conspiracy to commit armed robbery, and two convictions for conspiracy to commit aggravated assault. Notwithstanding the initial appointment of counsel to represent him on the pending charges, he made many *pro se* requests for the appointment of counsel and for discovery, including a request that counsel be appointed for him to challenge his prior Arizona convictions.

In July 2010, Roedder was indicted in CR 10-145 and charged with six crimes, unauthorized possession of methamphetamine, ingestion of methamphetamine, two counts of possession with intent to distribute methamphetamine, and two counts of distribution of methamphetamine, all arising out of conduct that occurred on February 13 and February 14, 2010. A superseding indictment was filed in January 2011, which amended the ingestion charge to a possession charge, elevating the charge from a misdemeanor to a felony. Shortly thereafter, Roedder entered into a plea agreement to plead guilty to unauthorized possession, two counts of distribution, and possession with the intent to distribute methamphetamine. The four charges were all Class 4 felonies, having a maximum penalty of ten years imprisonment. SDCL 22-6-1(7). He also agreed to admit to the Part II Information charging that he was a habitual offender in that he had three prior felony convictions, one of which was a crime of violence. Based upon his habitual offender status, the sentence for each charge was enhanced to a Class C felony, SDCL 22-7-8, and petitioner was facing a maximum sentence of life imprisonment on each charge, SDCL 22-6-1(3).

Roedder completed and submitted to the state court his own presentence investigation report, He claimed he had completed 40 hours of college credit in 1995 and 1996 and also earned an associated degree in paralegal studies in 2005. He moved to Aberdeen in 2008, while still on parole out of Arizona, and took classes at Northern State

2

University for a short time. His parole was revoked in November 2008, and he was released from Arizona prison in February 2010, one week before his arrest on the drug charges in CR 10-145.

In addition to the foregoing, Roedder investigated the sentencing of prior career offenders from 1995 to 2010 in South Dakota and set forth in detail the sentences those defendants had received. Based upon the sentences, he argued his sentence should be seven years, but no more than 15 years. He submitted 15 hand-written pages detailing other cases where a defendant was sentenced as a career offender, which were a compilation of over 120 pages of South Dakota Unified Judicial System sentencing history reports he had requested, reviewed, and submitted.

Roedder was sentenced by Judge Scott Myren on March 3, 2011, to ten years imprisonment on each charge. The Judge stated at sentencing that "[e]ach of the counts is to run concurrent with the others, meaning that you are looking at 40 years." The judge thereafter stated "I misspoke. I meant consecutive. . . . Those are consecutive sentences." A written judgement was entered which ordered all sentences to run concurrently. On March 8, 2011, the state court signed an amended judgment ordering that the sentences on all four counts run consecutively.

On May 2, 2011, Roedder filed a *pro se* appeal of the amended written judgment entered March 8 (which changed the sentences from concurrent to consecutive) to the South Dakota Supreme Court. Roedder stated in his notice of appeal that he had not received the amended judgment until April 22, 2011. The South Dakota Supreme Court dismissed the appeal as untimely and for failing to properly serve the notice of appeal upon the attorney general and the prosecuting attorney.

In August 2011, Roedder filed a motion for the preparation of transcripts at county expense to support a motion to correct an illegal sentence. In September 2011, he filed a motion requesting copies of his state court file, including investigatory material in his attorneys' possession, to support his motion to correct an illegal sentence and habeas petition. Roedder made several other requests as to his state court records. In October

3

2011, the Judge Myren denied Roedder's request for copies of records because no motion to correct his sentences was pending.

Roedder filed a petition for a writ of habeas corpus in state court, 6CIV11001021 (hereinafter CIV 11-1021), on December 14, 2011, challenging his conviction in CR 10-145. The case was assigned to Judge Jon Flemmer who appointed Scott Kuck to represent Roedder. Nothing transpired in the state court habeas matter until Roedder wrote a letter to Judge Flemmer in April 2013, advising that he had been unable to contact counsel and that he believed counsel had a conflict of interest. Roedder also inquired what happened to his motion to stay the habeas case that he filed in 2012. Judge Flemmer advised that no such motion to stay was filed in the habeas case and that Judge Flemmer would not rule on any such motion because Roedder had failed to set such motion for hearing and give notice to the state's attorney. Attorney Thomas Sannes notified Judge Flemmer in April 2013, that he had talked to Roedder and was willing to appear on his behalf in the habeas matter. Roedder also so notified the judge. Judge Flemmer did not act on the request for appointment of substitute counsel. Nothing further occurred in the state court habeas file until September 2014.

In March 2012, while the state court habeas matter was pending, Roedder filed in his criminal case, CR 10-145, a *pro se* motion to correct an illegal sentence, to vacate the criminal judgment, and to stay the habeas case (as set forth above, the motion to stay was never filed in the habeas case). He also filed a separate motion to withdraw his plea in CR 10-145, to vacate the judgment, and to stay the petition for a writ of habeas corpus. Judge Myren inquired of Roedder whether he consented to have the original attorney appointed in his criminal case. Roedder responded to Judge Myren's questions and consented to the re-appointment of counsel. In an April 2012 letter, Judge Myren indicated that Ms. Serr would continue to represent Roedder in the criminal matter.

A hearing was scheduled for October 2012 to hear the motions filed in the criminal case and a writ of habeas corpus issued directing Roedder's return from state prison to Brown County for the hearing. The hearing was not held. A note was entered

4

in the hearings report that Roedder had requested a continuance of the hearing but there is no written request by either Roedder or his attorney in the file.

In January 2013, Roedder filed a *pro se* motion to set a hearing date on his pending motions. He also filed a *pro se* motion to modify his sentences to run the sentences on some of the counts concurrent and to suspend some amount of time of the sentences. Judge Myren requested the state's attorney to schedule a hearing date (instead of requesting court appointed counsel to do so). The hearing on the motions was set for February 2013, and a writ of habeas corpus issued directing Roedder's return from state prison to Brown County for the hearing. Prior to the hearing date, Roedder filed a *pro se* motion for proportionality review of his sentences. A note was entered in the hearings report that a hearing was held in February 2013 but there was no order issued following the hearing.

In April 2013, Attorney Thomas Sannes agreed to appear in the criminal case and Ms. Serr filed a stipulation for substitution of counsel (the only appearance she entered since she appeared at sentencing in 2011). That order was granted by Judge Myren. The motions were scheduled for hearing in July 2013, and a writ of habeas corpus issued directing Roedder's return from state prison to Brown County for the hearing. Prior to hearing, Roedder filed a *pro se* amended motion for sentence proportionality review which his attorney noticed for hearing on the already scheduled July date. The hearing was not held and there is no record in the docket report, the hearings report, or anywhere else in CR 10-145 why that hearing was not held.

In April 2014, Roedder filed in his criminal case an amended motion to modify sentence. Roedder's *pro se* filings contained extensive evidence of his efforts at rehabilitation while at the state penitentiary. On July 2, 2014, Judge Myren entered a "further amended judgment." Roedder was sentenced to one ten-year sentence, consecutive to another ten-year sentence with five years suspended, consecutive to two ten-year suspended sentences. Essentially, his 40-year prison term was reduced to 15 years imprisonment.

5

In September 2014, Roedder voluntarily dismissed any actions remaining in CR 10-145. He also voluntarily dismissed any actions remaining in CIV 11-1021 (his state habeas case).

In February 2015, Roedder filed in CR 10-145 a *pro se* motion to further modify his sentences to suspend an additional two years. He contended that the basis for his previous reduction was his record of rehabilitation, that he had been accepted into an apprenticeship program, but that he was being transferred to minimum security and would not be allowed to continue his education in prison. Judge Myren denied the motion in April 2015.

Roedder was paroled from the South Dakota State Penitentiary from his sentences in CR 10-145 in February 2016. In August 2016, he was arrested in Brown County, South Dakota, and charged with possession with intent to distribute and ingestion of methamphetamine, 06CRI16-001067 (hereinafter, CR 16-1067). An indictment eventually issued charging possession with intent to distribute (Class 4 felony) or, alternatively, possession (Class 5 felony) and ingestion (Class 5 felony) of methamphetamine. The case was assigned to Judge Jon Flemmer and Thomas Sannes was appointed as counsel. Roedder objected, contending Mr. Sannes has a conflict of interest. Thereafter, Adam Altman was assigned as counsel.

Apparently, Roedder's parole was revoked because he was moved from the Brown County Jail to the South Dakota Penitentiary in October 2016.

In September 2016, Mr. Altman moved for the appointment of co-counsel on the basis that Roedder was facing a maximum sentence of life in prison. The motion was orally denied in December 2016 but William Gerdes was eventually appointed as co-counsel.

In January 2017, the prosecutor filed a habitual offender information in CR 16-1067 listing the prior Arizona convictions as well as four convictions from CR 10-145. An amended information was filed removing all but the Arizona armed robbery conviction (presumably because of the age of the other convictions) and the 2011 South Dakota convictions. Pursuant to SDCL 22-7-8, the 2011 South Dakota convictions,

6

together with the Arizona conviction for a crime of violence, enhanced the maximum penalty for the 2016 charges to the sentence for a Class C felony. The maximum penalty for a Class C felony is life imprisonment. SDCL 22-6-1(3).

In January 2017, Roedder filed in CR 10-145 a *pro se* motion to withdraw plea and a motion to correct an illegal sentence. Roedder moved in CR 16-1067 to continue the January 2017 trial and it was moved to March 2017. Thereafter, a superseding indictment adding a charge of conspiracy to distribute methamphetamine (a Class 4 felony) and two counts of domestic abuse simple assault (Class 1 misdemeanors). The trial in CR 16-1067 was moved several more times while petitioner continued to litigate in both CR 10-145 and CR 16-1067 his contention that the 2011 convictions arose out of the same transaction and therefore only one of the convictions could be used to enhance his sentence in CR 16-1067 pursuant to the habitual offender statute, SDCL 22-7-9.

In June 2017, Mr. Gerdes filed a motion to withdraw and Roedder filed a motion for the appointment of new counsel or to allow him to represent himself. On June 23, 2017, Judge Flemmer ruled in CR 16-1067 that the prior Arizona conviction for conspiracy to commit armed robbery was a crime of violence and that the four Brown County, South Dakota convictions in CR 10-145 arose out of three separate transactions for the purpose of applying South Dakota's habitual offender laws.

In July 2017, Roedder filed in CR 10-145 a request for clarification from Judge Myren of the factual basis for the two distribution convictions, seeking an order that the two convictions were not separate transactions as Judge Flemmer has ruled in CR 16-1067. Judge Myren denied the motion in August 2017, finding that the record was not in need of clarification.

In August 2017, Mr. Altman was allowed to withdraw from representing Roedder in CR 16-1067 because he was leaving the private practice of law. Mr. Gerdes continued to represent Roedder.

In September 2017, Roedder filed a petition to enter a guilty plea in CR 16-1067 to unauthorized possession of methamphetamine occurring on August 24, 2016. He agreed to admit that he was previously convicted of the felonies alleged in the habitual

7

offender information but denied that he had been convicted of a crime of violence or had more than two other convictions as defined in the habitual offender statutes. His crime was a Class 5 felony, carrying a maximum penalty of five years imprisonment, SDCL 22-6-1(8), if not enhanced by the habitual offender statute.

On September 26, 2017, Judge Flemmer sentenced Roedder to 40 years custody, consecutive to the parole revocation sentence he was serving. At sentencing, Judge Flemmer advised Roedder that his crime was a presumptive probation offense pursuant to SDCL 22-6-11 (because he was already serving another penitentiary sentence) but that there existed aggravating circumstances. Judge Flemmer reiterated his finding that Roedder was subject to a penalty enhancement as a habitual offender. As set forth above, a person who has three or more felonies, one of which was a crime of violence, requires a possible enhancement to the maximum sentence for a Class C felony (life) pursuant to SDCL 22-7-8.

Roedder appealed his guilty plea and sentence in CR 16-1067 to the South Dakota Supreme Court, Supreme Court No. 28435. While his appeal was pending for 16 months, Roedder continued to file post-conviction motions in his criminal cases.

In April 2018, Roedder's attorney filed in CR 10-145 a motion for hearing on the motion for clarification that was filed in July 2017 (which motion had already been denied without a hearing) or, alternatively, a motion to allow Roedder to withdraw his pleas. Roedder was again seeking an order that his convictions in CR 10-145 arose from the same transaction, resulting in one prior conviction instead of three or four convictions for the purposes of the habitual offender statutes. Roedder filed a *pro se* amended motion to correct an illegal sentence in May 2018. The motion for clarification and alternative motion to withdraw plea were denied on the basis that Judge Flemmer had already denied the claim that the four convictions from CR 10-145 arose out of a single transaction for habitual offender purposes when Judge Flemmer sentenced petitioner in CR 16-1067 and that matter was already on appeal to the South Dakota Supreme Court. Judge Myren issued written findings of facts and conclusions of law and a written order denying the motions in June 2018. Consideration of Roedder's *pro se* amended motion to correct an

illegal sentence was continued to another time with Roedder appearing by video conferencing. Four days later, Roedder filed a *pro se* motion for reconsideration of the denial of his motion for hearing on the motion for withdrawal of plea in CR 10-145.

On January 30, 2019, the South Dakota Supreme Court affirmed Roedder's conviction in CR 16-1067 but reversed his September 26, 2017, 40-year sentence and remanded the case back to Judge Flemmer for resentencing. State v. Roedder, 923 NW2d 537 (SD 2019). The Supreme Court rejected Roedder's contention that his four 2011 convictions arose out of a single transaction for the purposes of the habitual offender enhancement. State v. Roedder, 923 NW2d at 545. The Court further rejected Roedder's contention that his Arizona conviction for conspiracy to commit armed robbery was not properly considered a crime of violence. *Id*. at 547. The Supreme Court remanded the case for resentencing, finding that the record lacked a sufficient statement of aggravating circumstances justifying failure to sentence petitioner to a presumptive fully suspended sentence as required by SDCL 22-6-11. *Id*. at 548.

In March 2019, Roedder's attorney filed a renewed motion to clarify record or allow withdrawal of the plea that had been entered in CR 10-145. Counsel filed a prehearing memorandum and renewed motion to clarify record or allow withdrawal of guilty plea. Roedder filed an additional *pro se* memorandum and motion. An evidentiary hearing was held in July 2019. Judge Myren orally ordered that all future filings must be filed by counsel only and prohibited *pro se* filings filed by Roedder, noting that *pro se* filings would not be considered.

In August 2019, Roedder moved, *pro se* and through counsel, to withdraw his guilty plea in CR 16-1067, contending he did not receive effective assistance of counsel as to a plea offer made by the prosecutor in 2017. On August 20, 2019, Judge Flemmer resentenced Roedder in CR 16-1067 to 40 years imprisonment, with five years suspended, to run concurrent to the sentence he was serving for his parole violation in CR 10-145. On August 26, 2019, Roedder filed a *pro se* notice of appeal of the 35-year sentence in CR 16-1067 to the South Dakota Supreme Court, Supreme Court Case

9

No. 29103. Mr. Gerdes moved to withdraw based upon Roedder's plan to allege his plea and sentence were based upon misleading advice. The motion to withdraw was granted.

Christopher Haar was appointed to represent Roedder in the appeal of CR 16-1067, Supreme Court No. 29103. Mr. Haar filed a statement that there were no meritorious issues, Roedder's claims as to his prior convictions having already been resolved in his prior appeal. Counsel nonetheless urged the South Dakota Supreme Court to reconsider its prior conclusion that the 2011 convictions constituted separate offenses for habitual offender purposes. Counsel also argued that trial counsel was ineffective in advising Roedder not to accept a plea offer limiting his sentence to 15 years based upon the advice that the 2011 convictions could not be found to be separate offenses.

Following post-hearing memorandums, including Roedder's extensive *pro se* filing, Judge Myren issued a letter decision in September 2019, denying all motions in CR 10-145. Roedder requested findings of facts and conclusions of law to assist the Supreme Court on appeal. Judge Myren issued a revised order in November 2019, along with a copy of the transcript setting forth his findings. Counsel for Roedder was allowed to withdraw. Roedder filed a motion for the appointment of counsel to pursue a discretionary appeal, which motion was denied.

Judge Myren's findings of fact and conclusions of law regarding CR 10-145 included a finding that Roedder's 2011 guilty pleas were knowing and voluntary. His motion to withdraw his pleas was denied. Judge Myren further ruled that that the sentence imposed in CR 10-145 was not ambiguous, was not an abuse of discretion, and was not illegal.

Roedder filed a *pro se* petition to allow a discretionary appeal to the South Dakota Supreme Court, Supreme Court No. 29197, of the November 2019 order in CR 10-145. The Supreme Court denied a discretionary appeal in January 2020.

Meanwhile, in September 2019, while his appeal from his re-sentence in CR 16-1067 was pending, petitioner filed *pro se* motions to correct an illegal sentence and to withdraw his guilty plea in CR 16-1067. There is no record of any action taken on those motions.

10

In December 2019, petitioner requested the South Dakota Supreme Court to remand his direct appeal of CR 16-1067, Supreme Court No. 29103, to the trial court for the appointment of new counsel to pursue his claim that appellate counsel was ineffective and labored under a conflict of interest. Those papers were returned to him by the Supreme Court and he was directed to address his questions and concerns with his attorney. He also filed a request for the appointment of new appellate counsel in CR 16-1067. He refiled the motions in January 2020.

In July 2020, Roedder filed in CR 10-145 a *pro se* motion to clarify record or allow withdrawal of plea. He cited counsel's alleged ineffective assistance in failing to call his prior attorneys as witnesses at the July 2019, evidentiary hearing. In August 2020, Roedder filed a *pro se* motion to correct illegal sentence, clarify record, issue a new judgment, or allow withdrawal of plea. He requested a hearing. In September 2020, Judge Myren issued a letter refusing to consider matters that have been fully resolved.

Also in July 2020, petitioner filed an "amended petition for a writ of habeas corpus" challenging his convictions and sentence in CR 10-145 which was filed by the Clerk of Courts as a new habeas petition and was assigned case # 06CIV20-000336 (hereinafter, CIV 20-336). That case was assigned to Judge Portra. On July 14, 2020, Judge Portra ruled that the petition was not timely pursuant to the two-year statute of limitations set forth in SDCL 21-27-3.3 and that it was a second or subsequent application filed without approval (as required by SDCL 21-27-5.1). The petition for a writ of habeas corpus was denied.

In August 2020, Roedder filed in CIV 11-1021 a motion for a certificate of probable cause to allow an appeal of an order dismissing his habeas case in 2014. He subsequently filed a motion to correct a clerical mistake, arguing that the court had no jurisdiction to enter an order of dismissal after he voluntarily dismissed his habeas petition in 2014. He argued that his 2020 petition should have been filed in CIV 11-1021 so that it was not considered a second petition but rather a reinstated first petition.

In August 2020, petitioner filed in CIV 11-1021 and CR 10-145 a further amended petition for a writ of habeas corpus. He stated therein that it was not his intention to file a

11

second or successive petition but instead have his original petition in CIV 11-1021 reinstated. He also filed a motion to correct the claimed clerical mistake in CIV 11-1021 of the court dismissing his habeas petition after he voluntarily dismissed his petition in 2014. Finally he filed a motion for a certificate of probable cause to allow an appeal of the 2014 dismissal of his habeas petition. He later clarified that he was claiming that his 2014 voluntary dismissal of his habeas petition was not knowing and voluntary. On September 13, 2020, Judge Flemmer denied the motion for a certificate of probable cause in CIV 11-1021.

On October 13, 2020, in Supreme Court No. 29103, the South Dakota Supreme Court affirmed, without opinion, the 35-year amended sentence imposed in CR 16-1067 in August 2019. On that same date, Roedder filed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 16, 2020, petitioner filed a new state court petition for a writ of habeas corpus challenging the August 23, 2019, judgment entered in CR 16-1067. The case was assigned case # 06CIV20-000474 (hereinafter CIV 20-474). He filed an amended petition on December 8, 2020. The case has been assigned to Judge Tony Portra. Scott Kuck was appointed as counsel but was replaced by Chris Dohrer. The case remains open and pending. The pending state habeas petition does not concern the instant federal challenge to the pleas and convictions in CR 10-145.

The state court records filed in federal court exceed 5,000 pages. In addition, I have reviewed the files of two other cases filed in the South Dakota Unified Judicial System's eCourts database (ecourts.sd.gov). Many of the records are duplicates. A large portion of the documents filed in petitioner's state court matters are extensive *pro se* filings.

## DECISION

Petitioner contends in the instant federal petition that the sentence imposed in CR 10-145 was ambiguous and illegal in violation of his federal constitutional rights. The factual basis for this claim is his contention that his attorneys advised him in 2011 that he should admit to and not contest the factual basis for the four pleas because the

12

factual basis was not sufficient for any finding that the four offenses were separate offenses, that is, there was no basis to find that they arose out of separate transactions. He contends that his pleas were entered unknowingly and involuntarily based upon the legal advice he was given, which later proved to be incorrect advice. Finally, he contends that his attorneys were ineffective in advising him to reject a plea offer and plead guilty to the four offenses.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year period of limitations begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The United States Supreme Court has held that the term "'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." Wall v. Kholi, 562 U.S. 545, 553, 131 S. Ct. 1278, 1285, 179 L. Ed. 2d 252 (2011).

13

## A. Timeliness under 28 U.S.C. § 2244(d)(1)(A).

Petitioner stated in his petition for a writ of habeas corpus that he was challenging the judgment entered July 7, 2014, in CR 10-145. That judgment arose out of Judge Myren's resentencing of petitioner to a total sentence of 20 years with five years suspended. Petitioner contends that the sentence was illegal, that his pleas were unknowing, involuntary, and unintelligently given, and that he received ineffective assistance of counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights. Specifically, he contends that his two attorneys were ineffective in advising him in 2011 whether or not the four offenses would be considered separate transactions. He contends that, since the four sentences were set forth in one judgment, SDCL 23A-27-4 informed that they were not separate transactions. Petitioner contends that he did not appeal his convictions because he understood, based upon his attorneys' advice and the fact that only one judgment was entered, that the convictions would not be considered separate transactions for the purposes of South Dakota's habitual offender statutes. Petitioner contends that, when he was charged with the offenses in CR 16-1067, his attorneys in that case also advised that his convictions in CR 10-145 would not be considered separate transactions. He contends that he would not have pleaded guilty to the four offenses in CR 10-145 if he knew that they would be considered separate offenses for subsequent habitual offender purposes. It is clear from the petition that petitioner is not challenging the sentence he received in 2014 but is instead challenging the conviction that occurred in 2011.

Petitioner was originally sentenced on the pleas on March 3, 2011. He did not appeal the judgment nor did he timely appeal an amended judgment that was entered March 11, 2011. The one-year period of limitations began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under South Dakota law, an appeal from a criminal judgment must be taken within thirty days. SDCL 23A-32-15. Petitioner's time for filing an appeal to the South Dakota Supreme Court expired on April 11, 2011. Eight months later, on December 4, 2011, petitioner filed a state court petition

for a writ of habeas corpus challenging his convictions and sentences in CR 10-145.
During the ensuing 33 months, petitioner repeatedly filed motions for relief from his
sentences and litigated his motions. Following two reductions in the length of his
sentences, petitioner voluntarily dismissed his habeas petition on September 29, 2014.
The AEDPA period of limitations was tolled during the nearly 34 months that the petition
had been pending. Five months later, on February 11, 2015, petitioner once again sought
post-conviction relief from the judgment entered in CR 10-145. The motion was denied
on April 20, 2015, and the limitations period began to run again. If the period of
limitations began to run on the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for seeking such review under 28
U.S.C. § 2244(d)(1)(A), taking into account tolling pursuant to 28 U.S.C. § 2244(d)(2),
the one-year period of limitations expired in 2014 or 2015.

**B. Timeliness under 28 U.S.C. § 2244(d)(1)(B).**

Petitioner cannot rely on 28 U.S.C. § 2244(d)(1)(B) to extend the time for filing
his federal petition. There clearly was no impediment to filing an application created by
State action and petitioner was in no way prevented from filing by such State action. The
state court records clearly show that petitioner had no difficulty litigating his claims in
state criminal and civil actions.

**C. Timeliness under 28 U.S.C. § 2244(d)(1)(C).**

Petitioner's petition does not rely upon a newly recognized constitutional right.
He thus cannot rely on 28 U.S.C. § 2244(d)(1)(C) to extend the time for filing his federal
petition.

**D. Timeliness under 28 U.S.C. § 2244(d)(1)(D).**

Petitioner contends that, pursuant to the statutory tolling provision at 28 U.S.C.
§ 2244(d)(1)(D), the period of limitations in his case did not begin to run until the date on
which the factual predicate of his claims could have been discovered through the exercise
of due diligence. He contends that he could not have discovered the factual predicate that
his sentence in 10-145 was illegal, that counsel's legal advice concerning his guilty pleas
in CR 10-145 was ineffective, and that his pleas were therefore unknowing and

15

involuntary until a May 2017 motions hearing in CR 16-1067 or August 2019, when Judge Flemmer resentenced him as an habitual offender in CR 16-1067.

Respondent contends that petitioner knew the vital facts of his claims at the time he was sentenced. He knew what advice his attorneys gave him in CR 10-145 as to pleading guilty to four different crimes. He knew Judge Myren sentenced him to four consecutive sentences for the four crimes to which he pleaded guilty. He was charged with being an habitual offender, was sentenced in 2011 as an habitual offender, and he was therefore aware of the effect the habitual offender provisions had upon his sentence.

The factual predicates of claims which trigger the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1)(D), are the "vital facts underlying those claims." Martin v. Fayram, 849 F.3d 691, 696 (8th Cir. 2017). The United States Court of Appeals for the Ninth Circuit has held that the factual predicates for a habeas petition based on ineffective assistance of counsel are "facts suggesting both unreasonable performance and resulting prejudice." Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001). The Ninth Circuit based its decision in Hasan v. Galaza on the fact that Strickland v. Washington, 466 U.S. 668, 687-91, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires that, "to establish ineffective assistance of counsel, a party must demonstrate (1) that counsel's performance was unreasonable under prevailing professional standards and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different." Hasan v. Galaza, 254 F.3d at 1154. *Accord*, Hancox v. Allbaugh, 707 F. App'x 528, 530 (10th Cir. 2017).

Applying Hasan v. Galaza, and § 2244(d)(1)(D), petitioner's limitations period would begin to run when he reasonably discovered the fact that he was prejudiced by counsel's alleged ineffective assistance. Petitioner's position is that he would have had no reason to know that counsel's advice in 2011 - as to the future effect of pleading guilty to four counts - was ineffective because under South Dakota law, "in the case of multiple convictions arising from different transactions, a separate judgment of conviction shall be entered for each conviction." SDCL 23A-27-4. The four convictions in CR 10-145 were set forth in a single judgment following the original sentence, the amended

16

judgment, and the resentencing judgment. Petitioner contends that his attorneys in 2011 advised that his crimes, which occurred on the same date, would not be considered separate transactions. He further contends that his attorneys in 2016 gave him the same advice, based upon the fact that his 2011 convictions were for crimes that occurred on the same date and were contained in the same judgment. Petitioner had no reason to doubt the correctness of those representations, or to conduct an independent investigation to determine their validity. His four convictions in CR 10-145 were ultimately determined to arise out of three different transactions and thus counted as three different offenses pursuant to SDCL 22-7-9 and were used to enhance petitioner's sentence in CR 16-1067.

Petitioner would not have had any facts support a claim that trial counsel's advice was deficient at the time he was sentenced in CR 10-145. Nothing that transpired between sentencing in 2011 and the filing of the amended habitual offender information in 2017 should have caused petitioner to question the effectiveness of counsel's advice. When he did discover that his convictions in CR 10-145 would be deemed separate transactions for the purposes of the habitual offender provisions, he began to litigate in state court his claim that he should be allowed to withdraw his 2011 pleas in CR 10-145 and that those convictions should not be used to increase his penalty in CR 16-1067.

The United States Court of Appeals for the Eighth Circuit has held that "[k]nowledge of the 'vital facts' of a claim may be distinct from knowledge of their 'legal significance.'" Martin v. Fayram, 849 F.3d 691, 696 (8th Cir. 2017) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). In Martin v. Fayram, the Eighth Circuit held that Martin knew the factual predicate of his claims – that his attorney failed to object to certain statements at trial and appellate counsel failed to raise trial counsel's ineffectiveness on appeal. "That Martin may not have recognized the legal significance of these facts at the time they occurred, or may have wanted to develop additional evidence, does not mean he was not actually aware of the vital facts supporting a Sixth Amendment claim before the conclusion of his direct appeal." Martin v. Fayram, 849 F.3d at 697.

17

The United States Court of Appeals for the Seventh Circuit has held that "the trigger in § 2244(d)(1)(D) is . . . when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000), as amended (Jan. 22, 2001). The United States Court of Appeals for the Fourth Circuit has held that a legal decision is not a "new fact" for purposes of triggering the analogous § 2255(f)(4) limitations language. Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014). The Fourth Circuit held that a legal decision that "altered the legal significance of [petitioner's] prior convictions without amending the convictions themselves" does not constitute a "factual predicate" for statutory tolling of the period of limitations. Id. at 184.

I have previously held that "[s]ubsequent interpretations of the law can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3)." Sun Bear v. United States, No. CIV08-3021, 2009 WL 2033028, at *4 (D.S.D. July 9, 2009), rev'd and remanded, 611 F.3d 925 (8th Cir. 2010), reh'g en banc granted, opinion vacated (Sept. 27, 2010), and aff'd, 644 F.3d 700 (8th Cir. 2011) ("We agree with the district court that subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d at 702 n.5. Sun Bear concerned the analogous 28 U.S.C. § 2255(f) limitations provisions.

Application of the rule that knowledge of the legal significance of an attorney's advice plays no role in determining the timeliness of a petition for a writ of habeas corpus is harsh in this case. Petitioner is not challenging some action or inaction by his attorney as to which he was aware. Rather, he is challenging counsel's advice as to the future collateral consequences of his guilty pleas.

Petitioner was aware that the state court prosecutor claimed petitioner's four convictions in CR 10-145 could be used as separate offenses to enhance his sentence in CR 16-1067 when the amended habitual offender information was filed in January 2017. Petitioner immediately filed for post-conviction relief in CR 10-145 and challenged the habitual offender information in CR 16-1067. In June, 2017, Judge Flemmer ruled in

18

CR 16-1067 that the four convictions constituted at least three separate crimes for the purpose of the habitual offender sentencing enhancement. Judge Myren denied petitioner's attempts to limit the effect of his pleas and convictions in CR 10-145 from subsequent use for habitual offender enhancement in August 2017. At the very latest, petitioner was aware of the legal significance of counsel's 2011 advice in August 2017. Nine months later, he attempted to relitigate the significance of his four convictions in CR 10-145 by filing motions, including motions to withdraw his 2011 pleas on the basis that they were not knowing or voluntary. His many motions for post-conviction relief were denied in November 2019.

During the time he was pursuing post-conviction relief in CR 10-145, he was also challenging his status as an habitual offender in CR 16-1067 by direct appeal. In January 2019, the South Dakota Supreme Court held, in the direct appeal in CR 16-1067, that petitioner's sentence in that case was properly enhanced because his convictions in 2011 were properly deemed separate transactions.

An additional nine months elapsed before petitioner attempted to file a state court habeas petition challenging the validity of his 2011 pleas and the effectiveness of counsel's legal advice given in CR 10-145. His habeas claim was dismissed in July 2020. He filed a federal petition in October 2020.

Even if this Court were to apply the rule in Hasan v. Galaza that the time for filing a federal petition for a writ of habeas corpus does not begin to run until petitioner knows he was prejudiced by counsel's advice, the federal petition would be untimely. At least 18 total months elapsed after November 2019 while there was no state court post-conviction or habeas challenge pending as to the pleas and convictions in CR 10-145.

If the time for filing a federal habeas petition challenging the voluntariness of petitioner's 2011 pleas and the legal advice received in conjunction with those pleas did not begin to run until the South Dakota Supreme Court ruled in January 2019 that the 2011 convictions were properly counted as separate transactions, petitioner's federal petition is still untimely.

**E. Equitable Tolling.**

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional but is subject to equitable tolling. Holland v. Fla., 560 U.S. 631, 645, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). "Petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Fla., 560 U.S. at 649, 130 S. Ct. at 2562 (internal quotations omitted).

Petitioner cannot rely upon the theory of equitable tolling to extend the time to file his federal petition for a writ of habeas corpus. The extensive *pro se* documents in petitioner's state court records clearly show that nothing stood in petitioner's way which would prevent him from timely filing a federal petition for a writ of habeas corpus.

**F. Appointment of Counsel.**

Petitioner has filed a motion for the appointment of counsel. "[T]there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000) (*quoting* McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997)). The factors this Court considers in evaluating a habeas petitioner's need for the appointment of counsel "include the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).

Petitioner's case history is factually complex. However, most of petitioner's state court records have been electronically provided to the Court by the state court. Other records necessary to the determination of the issues in this case are available to the Court on South Dakota's eCourts database. The legal issue as to the application of the AEDPA statute of limitations is not complex. Petitioner adequately presented the appropriate issues as to statutory tolling. This Court has been reviewing federal habeas petitions for timeliness for over 25 years. The Court is capable of determining the appropriate legal standards to apply without presentation by counsel. The legal and factual issues have

been determined, to the extent possible, in the light most favorable to the petitioner. The appointment of counsel is not necessary in this case.

## G. Abeyance.

Petitioner requests this Court hold the federal petition in abeyance while he pursues state habeas relief as to his conviction and sentence in CR 16-1067. While that criminal case forms part of the factual basis for petitioner's claims concerning his pleas in CR 10-145, the legal issues in this case are not dependent upon the state court habeas challenge to the conviction and sentence in CR 16-1067. Further, the pending habeas matter challenging CR 16-1067 in no way tolls the limitations period for challenging the pleas in CR 10-145. Abeyance is not appropriate in this case.

## ORDER

Based upon the foregoing

IT IS ORDERED:

1. Respondent's motion, Doc. 9, to dismiss the application for a writ of habeas corpus on the basis that it is time-barred is granted.

2. Petitioner' motion, Doc. 12, to appoint counsel is denied.

3. Petitioner's motion, Doc. 13, for an extension of time to respond to the motion to dismiss is denied as moot, petitioner having filed a response which the Court considered.

4. The motion, Doc. 14, to withdraw as counsel for respondent is granted.

5. The request for abeyance is denied.

6. This Court does not consider motions to reconsider as there is no provision in the Federal Rules of Civil Procedure. No such motion shall be permitted.

DATED this 31st day of March, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

21